STATE of Texas ex rel. Edward G. NEWMAN, Appellant,

v.

BEXAR–MEDINA–ATASCOSA COUNTIES WATER IMPROVEMENT DISTRICT NO. 1, Appellee.

No. 13282.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 12, 1958.

Rehearing Denied March 12, 1958.

Will Wilson, Atty. Gen., C. K. Richards, James H. Rogers, Asst. Attys. Gen., Morgan Nesbitt, Austin, for appellant.

Jack Connell, Wichita Falls, Joe E. Briscoe, Devine, H. A. Triesch, New Braunfels, Jeremiah Ingels Rhodes, Eagle Pass, Graves, Dougherty & Gee, Robert J. Hearon, Jr., Austin, for appellee.

BARROW, Justice.

The Veterans' Land Board, under constitutional and statutory provisions of the Veterans' Land Program, in December, 1952, acquired a tract of land consisting of approximately forty acres situated in Medina County, Texas, within the boundaries of the Bexar-Medina-Atascosa Counties Water Improvement District No. 1. This tract was sold to a veteran purchaser, Wendel B. Lofton, by a contract of sale executed between the Board and Lofton on December 8, 1952. This contract was duly forfeited by the Board on May 16, 1956, for failure of the purchaser to pay the installments due under the contract.

The flat rate assessments and bond taxes of the Water District assessed for the years 1953, 1954, 1955 and 1956 were not paid. They had all been assessed subsequent to the date of the contract of sale to Lofton and prior to May 16, 1956, the date of the forfeiture of said contract.

Subsequent to such forfeiture the involved tract of land was advertised for sale and was resold by the Veterans' Land Board on September 5, 1956, to Edward G. Newman, relator herein.

Water was available in the canals and ditches adjacent to the subject land on the 29th day of July, 1957, and was available for delivery to persons within the Water District legally entitled thereto for the purposes of irrigation. On that date the relator made application for four acres of irrigation water, but his application was refused by the Water District for the reason that the taxes and flat rate assessments had not been paid on the land for the years aforesaid.

On August 1, 1957, the State, on behalf of the Veterans' Land Board and on the relation of Edward G. Newman, filed its petition in the District Court of Medina County, seeking temporary and permanent injunctive relief directing the Water District to deliver water for the irrigation of relator's land. The trial was held on August 12, 1957, before the court, no jury having been demanded, and it was agreed by both parties that the hearing should be on the merits of the case from which the court could enter a final judgment. The judgment of the court was signed and entered on September 4, 1957, denying the plaintiff the injunctive relief sought. No findings of fact or conclusions of law were requested.

The questions for decision in this case are: Does the forfeiture of a Veteran's contract for purchase of land under Art. 5421m, Vernon's Ann.Civ.Stats., known as the Veterans' Land Act, automatically cancel taxes and flat rate assessments or bond retirement assessments due against the land? and, can the District be required to furnish water to the veteran purchaser of land where there are delinquent flat rate assessments due and unpaid against the land?

The appellant contends that when the Veterans' Land Board forfeited Lofton's contract that such forfeiture had the effect of cancelling any taxes and flat rate assessments due by Lofton against the land. The appellant's claim is based on the proposition that the land was owned by the State and was held for a public purpose and not subject to a tax lien.

The appellee, Water District, was created under and is governed by the provisions of Arts. 7622 et seq., Vernon's Ann.Civ.Stats. Art. 7752 provides:

"All land owners shall be personally liable for all assessments herein provided for, and if they shall fail or refuse to pay same when due the water supply shall be cut off and no water shall be furnished to the land until all back dues are fully paid. This provision with respect to cutting off water shall bind all parties, persons and corporations owning or thereafter acquiring any interest in said lands."

The deed by which the State acquired title to this land contained the following provision:

"The land hereby conveyed is situated within the limits of Bexar-Medina-Atascosa Counties Water Improvement District Number One, duly organized under the constitution and Statutes of the State of Texas, and said land, by virtue of its location within said District, is entitled, (subject to the rules and regulations of said District) to all water rights and privileges attaching to lands included in such Water Improvement Districts and is subject to existing and future tax levies for the payment of principal and interest on the bonds of said Water Improvement District and such present and future assessments, charges and levies as said District has or may lawfully impose."

The Veteran's contract of purchase from the State contains the following provision:

"Buyer agrees to furnish to the Veterans' Land Board by not later than May 1st of each year during the term of this contract evidence that all taxes for the past year have been paid."

This land was purchased by the State and in turn sold to veterans under the provisions of Art. 3, Sec. 49–b of the Constitution, Vernon's Ann.St., and Article 5421m, Vernon's Ann.Civil Stats. known as the Veterans' Land Act. There is nothing in the Constitution or the Statute which makes the property exempt from taxation while owned by the veteran although the legal title is held by the State.

The appellant argues that when the Veterans' Land Board cancelled the Lofton contract the full title went back to the State and had the effect of cancelling the taxes which accrued against the land during the Lofton contract, and that when Newman, the new veteran, acquired the same land under contract from the State he acquired it free of all back taxes and assessments. This contention is based on the proposition that when the State acquires land for a public purpose it is not subject to taxation and where land is conveyed to the State for a public purpose all liens for taxes become merged in the State's title. We believe this contention is erroneous. We think the case of Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011, is in point. In that case school land belonging to Childress County located in Cochran County, was sold to S. P. Britt and others, which contract of sale, upon default, was cancelled. In the meantime taxes for the years 1931 and 1932 had become delinquent. Our Supreme Court held that although the land reverted to Childress County and also, in a certain sense, reverted to the State, the lien for taxes due Cochran County was superior to the title acquired by Childress County and the State.

In Lubbock Independent School District v. Owens, Tex.Civ.App., 217 S.W.2d 186,

the court had before it a situation where the State and County had recovered a foreclosure of their tax liens and bought the land at a foreclosure sale without Lubbock Independent School District or the City of Lubbock having been made parties to the proceeding. The State later sold the land to Owens. The court, after a review of the authorities, held that the liens of the City and School District were not wiped out and merged in the State's title, that foreclosure of such liens was only suspended during the State's ownership. The holding of the United States Supreme Court in United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327, is to the same effect.

Appellant has cited numerous authorities where land had been acquired for the purpose of and used exclusively for public purposes, such as public buildings, parks, hospitals, docks and wharfs, highways, etc., but we do not think these authorities are in point. In this case it is apparent that the constitutional amendment and legislative enactments creating the Veterans' Land Program do not contemplate that land purchased by veterans under the program and devoted exclusively to a private purpose, should be and remain tax free simply because the State holds the legal title pending final payment by the veterans. These lands being devoted exclusively to private profit by the veterans and not being used for any public purpose, there is nothing in the Constitution or laws of this State that exempt them from taxation.

The statute creating the District prohibits it from furnishing water to landowners who have not paid taxes and flat rate assessments. The State and the veteran acquired title to the land in the face of that law, and the State has the means of enforcing payment by the veteran. Under the circumstances we do not believe that a court of equity should require the District to violate the law. The trial court was correct in refusing the injunction sought by appellant.

The judgment is affirmed.