**J. C. BELLAH, Appellant,**

v.

**The FIRST NATIONAL BANK OF HEREFORD, Appellee.**

No. 8254.

Court of Civil Appeals of Texas, Amarillo.

March 13, 1972.

Rehearing Denied April 10, 1972.

Kolander, Templeton & Hamilton, Inc., R. C. Hamilton, Amarillo, for appellant.

Witherspoon, Aikin, Thomas & Langley, D. Wesley Gulley, Hereford, for appellee.

REYNOLDS, Justice.

The summary judgment granted by the trial court denying appellant affirmative relief on his cross action is affirmed.

The litigation culminating in the summary judgment that is the subject matter of this appeal had its inception in the execution of a promissory note and deed of trust by appellant J. C. Bellah and his wife. The promissory note was made payable to the order of appellee The First National Bank of Hereford, Texas, in the original principal sum of $247,154.22, and the payment thereof was further secured by the deed of trust listing sixteen separate tracts of land. When the note became due it was

not paid and appellee proceeded with foreclosure and trustee sale procedures under the deed of trust. The sale was enjoined by a restraining order obtained by appellant. Subsequently, on March 3, 1970, after the trial court refused to further enjoin the sale under the deed of trust, the sixteen tracts were sold en masse by the trustee to appellee for the sum of $200,000.00, which was credited on the note. Thereafter, appellee filed suit against appellant and the surety on his bond posted in connection with the enjoined sale for wrongfully suing out the restraining order. Following numerous legal skirmishes not necessary to be detailed, there remained undisposed in the cause only appellant's cross action against appellee challenging the validity of the trustee's sale. Appellee moved for summary judgment, supporting its motion with the deposition of appellant, affidavits and exhibits. Appellant did not controvert the motion with summary judgment proof. The trial court granted appellee's motion, decreeing that appellant take nothing by his cross action, and this appeal resulted.

■ Appellant's third point of error, which will be first considered, is that the trustee's sale is entirely void, or at least a fact question is raised as to its validity, because the lands were sold en masse for a grossly inadequate consideration after appellee represented the sale would not be made. Appellant admits that mere inadequacy of consideration alone is not sufficient to set aside a trustee's foreclosure sale if the sale were legally and fairly made. Tarrant Savings Association v. Lucky Homes, Inc., 390 S.W.2d 473 (Tex. Sup.1965). To void the sale because of inadequacy of consideration, there must be evidence of irregularity which caused or contributed to cause the property to be sold for a grossly inadequate price. Sparkman v. McWhirter, 263 S.W.2d 832 (Tex.Civ. App.—Dallas 1953, writ ref'd), and cases cited therein. Appellant contends that the alleged inadequate consideration, coupled with the en masse sale depriving any purchaser from bidding on a single tract of

land after appellee represented the sale would not be made, raises a fact issue as to the validity of the entire sale. This contention necessitates a determination of whether the summary judgment proof before the trial court shows the absence of a genuine issue of material fact as to the contention.

In his deposition, appellant admitted the execution of the note and deed of trust, and the default in the payment of the note. He further admitted that prior to the sale he knew, and was told by the attorney then representing him and by appellee's officials and attorney, that the property was posted and advertised for foreclosure sale on March 3, 1970. In fact, appellant unsuccessfully attempted to enjoin the sale set for that date. Neither appellant nor any representative of his was present at the sale to bid on the property. The deed of trust was before the trial court as an exhibit. It specifically authorized the sale of the property as a whole or in parcels. The trustee's affidavit states that he was ready, willing and able to offer the property in separate parcels, but no one requested him to do so. The summary judgment proof shows that no one was deprived from bidding on all or any part of the property. There is no summary judgment proof even suggesting that a better price would have been received if the tracts had been offered or sold separately.

■ Where the deed of trust vests discretion to sell property as a whole or in separate parcels, the sale of the property en masse will not be set aside absent a showing of injury therefrom. 39 Tex.Jur. 2d Mortgages and Trust Deeds § 150. The summary judgment proof shows an absence of a genuine fact issue as to an irregularity which caused or contributed to cause the property to be sold for a grossly inadequate price; therefore, appellant's third point is overruled. Interestingly, appellant raised this same contention in appellee's suit for a deficiency judgment on the note, and another court of civil appeals reached the same decision we have made here. Bellah

v. The First National Bank of Hereford, 474 S.W.2d 785 (Tex.Civ.App.—Eastland 1971, writ pending).

Appellant's first two points of error are that the trustee's sale is void as a matter of law as to three tracts of land included therein. The legal title to these three tracts is vested in the State of Texas, and appellant, as purchaser by virtue of contracts of sale and purchase with the Veterans' Land Board, the State agency created to administer the Texas Veterans' Land Program, has only a beneficial interest in each tract. It is appellant's position that his beneficial ownership is not subject to the voluntary lien created by, or the sale made under, the deed of trust. The question presented is a novel one not previously determined by the courts of this State.

The Veterans' Land Program was initiated in 1946 by an amendment to the Texas Constitution creating a Veterans' Land Board as an agency of the State with authority to issue and sell bonds to create a fund to be used in purchasing land for resale to eligible Texas veterans. Tex. Const. art. 3, § 49–b, Vernon's Ann.St. Enabling legislation was enacted in 1949 by the 51st Texas Legislature (Chap. 318) and has been amended on several occasions. Vernon's Ann.Civ.St. art. 5421m. Pertinent to the issue before us are the basic provisions for purchase of land for cash by the State and resale by Veterans' Land Board contracts of sale and purchase to eligible Texas veterans, who make an initial payment of at least five per cent (5%) of the selling price, with the balance, at a prescribed interest rate, amortized over a period not to exceed forty (40) years. Legal title to the land remains in the State of Texas until the entire indebtedness due under the contract is paid in full, at which time the Veterans' Land Board executes a deed to the original purchaser or the last assignee approved by the Board. After three years from the veteran's date of purchase, "a purchaser may at any time, transfer, sell or convey" the land if all legislative requirements and rules and regulations of the Board have been complied with and approval of the Board is secured. Neither the legislative act itself nor any rule or regulation of the Board cited to us specifically provides for, or prohibits, the impression of a voluntary or involuntary lien upon the beneficial interest of the purchaser.

No contention is made here that the lands had not been under the contracts of sale and purchase for less than three years at all times material, or that the voluntary lien given by appellant in the deed of trust is specifically contrary to some constitutional or legislative provision or to some rule or regulation of the Board. Rather, appellant contends that since the Veterans' Land Program was enacted for the benefit of Texas veterans only and the enactment does not give the purchaser the right to place a voluntary lien against the land, appellant's attempt to do so when he executed the deed of trust was null and void because he had no such authority, and the resulting trustee's sale was void as to the three tracts.

■ Although the legal title to the land is vested in the State, the purchaser, upon execution of the contract of sale and purchase and entry into possession, becomes vested with equitable title. It is axiomatic that any ownership in property that may be transferred, sold or conveyed may also be mortgaged or conveyed in trust absent some legal inhibition. Bourn v. Robinson, 49 Tex.Civ.App. 157, 107 S.W. 873 (1908, no writ); Clark v. Altizer, 145 S.W. 1041 (Tex.Civ.App.—Austin 1912, writ ref'd). The statutory enactment not only does not inhibit the impression of a voluntary lien on the purchaser's contractual interest, but specifically provides that the purchaser may, except under certain conditions not shown to be determinative here, transfer, sell or convey his contractual interest. It has been held that the purchaser's contractual interest in land purchased under the Veterans' Land Program is subject to execution and sale for private debts. Tex. Atty.Gen.Op. No. S–183 (1955). *A fortiori,*

the contractual interest is subject to liens voluntarily placed thereon. We hold, therefore, that a purchaser of lands under the Veterans' Land Program, if otherwise in compliance with the statutory requirements and the rules and regulations of the Veterans' Land Board, may voluntarily impress upon his contractual interest therein a lien subject to foreclosure and sale when default occurs in the obligation for which the contractual interest is pledged. Appellant's first two points of error are overruled.

The summary judgment of the trial court is affirmed.