**J. C. BELLAH, Petitioner,**

v.

**The FIRST NATIONAL BANK OF HEREFORD, Respondent.**

**No. B–3375.**

Supreme Court of Texas.

July 26, 1972.

Rehearing Denied Oct. 11, 1972.

Kolander, Templeton & Hamilton, R. C. Hamilton, Amarillo, for petitioner.

Witherspoon, Aikin, Thomas & Langley, D. Wesley Gulley, Hereford, for respondent.

PER CURIAM.

Petitioner attacked the validity of a trustee's sale under a deed of trust covering multiple tracts of land. The alleged ground of invalidity was that the sale of the tracts en masse resulted in a grossly inadequate selling price. An adverse judgment was affirmed by the court of civil appeals. 478 S.W.2d 636. Petitioner's only point here relates to three of the tracts which he purchased under the Veterans Land Program. He argues that he was without power to mortgage his beneficial interest in these three tracts, and that their sale was void for this reason. This was not pleaded by him, however, nor did he submit any evidence concerning these tracts other than an affidavit which was stricken by the trial court as untimely filed, and of which action there is no complaint. See Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1956); Blankenship v. Citizens State Bank, Slaton, 457 S.W.2d 120 (Tex.Civ.App.1970, writ ref'd n. r. e.); Traweek v. Radio Brady, Inc., 441 S.W.2d 240 (Tex.Civ.App.1969, writ ref'd n. r. e.).

For these reasons, we do not pass upon the question of whether petitioner's beneficial interest in the three tracts in question under the contracts of purchase and sale with the Veterans Land Board was subject to the voluntary lien which he created.

The application for writ of error is refused, no reversible error.