

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 30, 1990

Ms. Tish Gonzalez
Acting Executive
  Administrator
Texas Housing Agency
P. O. Box 13941
Austin, Texas  78711-3941

Opinion No. JM-1198

Re:  Authority of the Texas
Housing Agency to take  and
hold  title  to  foreclosed
properties in its own name,
and related questions
(RQ-1897)

Dear Ms. Gonzalez:

You have requested  that we  address several  questions about the "single family mortgage revenue bond programs"  of the Texas Housing Agency.  Your first question is:

> Does Sec. 8(a)(5) [of  the the Texas  Housing Agency Act, article 1269l-6, V.T.C.S.] permit [the agency] to take and hold title to  foreclosed properties in its own name?

The Texas Housing Agency is authorized to make mortgage loans to private entities to  help finance low and  moderate income housing developments, and  to issue revenue bonds  to finance mortgage loans.  V.T.C.S. art.  1269l-6, §§ 9,  10. You  describe  the  single  family  mortgage  revenue  bond programs as follows:

> These programs typically  have the  following structure:  After   obtaining  approval   to proceed with the program  and to issue  bonds to finance  the  program, the  Texas  Housing Agency (`THA') locates mortgage companies  to originate mortgages to  qualified buyers  and to service these mortgages after origination. Such mortgage companies are called  `Lenders' or `Participants.'  THA then issues bonds  to finance the program.  The money paid for  the bonds goes to a trust fund which THA sets up, supervised by a  bank on behalf  of THA  (the `Trustee').  As the  Lenders originate  mortgages,  they  sell  these  mortgages  to  the Trustee, who buys them with the bond proceeds on behalf of THA.  It is currently the policy of the Trustee to acquire the Notes and Deeds

of Trust which constitute the mortgages in the trust's name on behalf of THA. Further, when a mortgage goes into default and the financed real estate is foreclosed upon, it is presently the policy of the Trustee to acquire the property in the Trustee's name on behalf of THA.

Section 8(5) of article 12691-6, V.T.C.S., states that the Texas Housing Agency has the power

to acquire, own, rent, lease, hold, or dispose of any real, personal, or mixed property, or any interest therein, in performing its duties and exercising its powers under this Act, by purchase, exchange, gift, assignment, transfer, foreclosure, sale, lease, or otherwise, including rights or easements and to hold, manage, operate, or improve real, personal, or mixed property.

Section 8(6) of the statute authorizes the agency to "sell, assign, lease, encumber, mortgage, or otherwise dispose of" property "owned by it," and to "release or relinquish any right, title, claim, lien, interest, easement, or demand, however acquired." We think those provisions make clear that the Texas Housing Agency Act may hold title to the properties in question in its own name.

You next ask about the propriety of a bank holding property "on behalf of" the THA.[1] From our examination of the instruments you provided, it appears that the bank acts both as a trustee for the bondholders and as agent for the Texas Housing Agency in its dealings with the mortgage companies. When an agent takes title to property "on behalf of" the principal in the name of the agent, the agent holds the property in trust for the benefit of the principal. See State v. Eggerman, 16 S.W. 1067 (Tex. 1891) (defining "behalf"); see also Thompson v. Schmitt, 274 S.W. 554 (Tex. 1925) (party may be an agent even if called a "trustee"). Thus, we think the legal relationship of the Texas Housing Agency to the property is the same when title to property is taken in the name of the bank acting on behalf of the agency as when the agency takes title in its own name.

---

1. Your specific question is whether various documents require that the Texas Housing Agency take and hold title to foreclosed property in its own name. We do not interpret such documents in the opinion process.

Your third question is:

> Does Sec. 16 of Article 12691-6 give the  THA
> the right at its option, <u>not</u> to pay any taxes
> on real or personal property acquired through
> foreclosure or sale under a Deed of Trust  or
> otherwise either by  THA or  by trustees  who
> acquire the properties only on behalf of THA?

Section 16 of the Texas Housing Agency Act provides:

> The property of the  agency, its income,  and
> operations are  exempt  from  all  taxes  and
> assessments imposed  by  the  state  and  all
> public agencies on property acquired or  used
> by the agency  under the  provisions of  this
> Act.   The  agency may,  under  its   terms,
> conditions,  and  rules,  make  payments   to
> public agencies in lieu  of ad valorem  taxes
> on any property which the agency has acquired
> through foreclosure or sale  under a deed  of
> trust.   It shall be the policy of the  agency
> to make  these  payments  in  lieu  of  taxes
> whenever practicable with any money  lawfully
> available for  this purpose,  subject to  the
> provisions, requirements, and restrictions of
> any bond resolution.

That provision makes the property of the agency, its income,
and its operations exempt from taxes and assessments imposed
by state  or local  taxing  authorities.  Property  held  on
behalf of the agency by agents for the Texas Housing  Agency
would be property of  the agency within  the meaning of  the
statute.

Next, you ask:

> Assuming THA and Trustees acting on behalf  of
> [the agency] may refuse to pay such taxes, may
> they refuse  to pay  the  taxes even  on  pro-
> perties held by the original buyer on  January
> 1st of the given year and/or for some  portion
> of the year in which foreclosure occurred?

Section 32.07 of the Tax  Code provides that property  taxes
are the  personal  obligation  of  the  person  who  owns  or
acquires the property on January  1st of the year for  which
the tax is imposed.  <u>But see</u> Tax Code §§ 25.13, 32.07(b).  A
lien to secure payment of the taxes attaches to the property
on January 1st  of the year  for which the  tax is  imposed.
Tex. Const. art. VIII, § 15; Tax Code § 32.01.  The lien  is
not  extinguished  by  the  subsequent  acquisition  of  the

property by a governmental body in whose hands it is exempt from taxes, but enforcement of the lien is suspended. Childress County v. State, 92 S.W.2d 1011 (Tex. 1936); Maverick County Water Control & Improvement Dist. No. 1 v. State, 456 S.W.2d 204 (Tex. Civ. App. - San Antonio 1970, writ ref'd); State v. Bexar-Medina-Atascosa Counties Water Improvement Dist., 310 S.W.2d 641 (Tex. Civ. App. - San Antonio 1958, writ ref'd); Attorney General Opinion JM-1085 (1989). If the property is acquired by someone in whose hands it is not exempt, the lien can then be enforced. Childress County v. State, supra.

You also ask whether the agency could use various funds to pay taxes; since the agency is not liable for taxes on property it owns, we need not reach those questions.

### S U M M A R Y

The Texas Housing Agency may hold title to foreclosed properties in its own name or in the name of an agent acting on its behalf. Such property is exempt from state and local taxes. The agency is not liable for taxes that accrued against property before the agency acquired ownership of it, but the property remains subject to a lien for the unpaid taxes.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General