Ms. Tish Gonzalez Acting Executive Administrator Texas Housing Agency P. O. Box 13941 Austin, Texas 78711-3941
Re: Authority of the Texas Housing Agency to take and hold title to foreclosed properties in its own name, and related questions (RQ-1897)
Dear Ms. Gonzalez:
You have requested that we address several questions about the "single family mortgage revenue bond programs" of the Texas Housing Agency. Your first question is:
 Does Sec. 8(a)(5) [of the Texas Housing Agency Act, article 1269l-6, V.T.C.S.] permit [the agency] to take and hold title to foreclosed properties in its own name?
The Texas Housing Agency is authorized to make mortgage loans to private entities to help finance low and moderate income housing developments, and to issue revenue bonds to finance mortgage loans. V.T.C.S. art. 1269l-6, §§ 9, 10. You describe the single family mortgage revenue bond programs as follows:
 These programs typically have the following structure: After obtaining approval to proceed with the program and to issue bonds to finance the program, the Texas Housing Agency (`THA') locates mortgage companies to originate mortgages to qualified buyers and to service these mortgages after origination. Such mortgage companies are called `Lenders' or `Participants.' THA then issues bonds to finance the program. The money paid for the bonds goes to a trust fund which THA sets up, supervised by a bank on behalf of THA (the `Trustee'). As the Lenders originate mortgages, they sell these mortgages to the Trustee, who buys them with the bond proceeds on behalf of THA. It is currently the policy of the Trustee to acquire the Notes and Deeds of Trust which constitute the mortgages in the trust's name on behalf of THA. Further, when a mortgage goes into default and the financed real estate is foreclosed upon, it is presently the policy of the Trustee to acquire the property in the Trustee's name on behalf of THA.
Section 8(5) of article 1269l-6, V.T.C.S., states that the Texas Housing Agency has the power to acquire, own, rent, lease, hold, or dispose of any real, personal, or mixed property, or any interest therein, in performing its duties and exercising its powers under this Act, by purchase, exchange, gift, assignment, transfer, foreclosure, sale, lease, or otherwise, including rights or easements and to hold, manage, operate, or improve real, personal, or mixed property.
Section 8(6) of the statute authorizes the agency to "sell, assign, lease, encumber, mortgage, or otherwise dispose of" property "owned by it," and to "release or relinquish any right, title, claim, lien, interest, easement, or demand, however acquired." We think those provisions make clear that the Texas Housing Agency Act may hold title to the properties in question in its own name.
You next ask about the propriety of a bank holding property "on behalf of" the THA.[1] From our examination of the instruments you provided, it appears that the bank acts both as a trustee for the bondholders and as agent for the Texas Housing Agency in its dealings with the mortgage companies. When an agent takes title to property "on behalf of" the principal in the name of the agent, the agent holds the property in trust for the benefit of the principal. See State v. Eggerman, 16 S.W. 1067 (Tex. 1891) (defining "behalf"); see also Thompson v. Schmitt, 274 S.W. 554
(Tex. 1925) (party may be an agent even if called a "trustee"). Thus, we think the legal relationship of the Texas Housing Agency to the property is the same when title to property is taken in the name of the bank acting on behalf of the agency as when the agency takes title in its own name.
Your third question is:
 Does Sec. 16 of Article 1269l-6 give the THA the right at its option, not to pay any taxes on real or personal property acquired through foreclosure or sale under a Deed of Trust or otherwise either by THA or by trustees who acquire the properties only on behalf of THA?
Section 16 of the Texas Housing Agency Act provides:
 The property of the agency, its income, and operations are exempt from all taxes and assessments imposed by the state and all public agencies on property acquired or used by the agency under the provisions of this Act. The agency may, under its terms, conditions, and rules, make payments to public agencies in lieu of ad valorem taxes on any property which the agency has acquired through foreclosure or sale under a deed of trust. It shall be the policy of the agency to make these payments in lieu of taxes whenever practicable with any money lawfully available for this purpose, subject to the provisions, requirements, and restrictions of any bond resolution.
That provision makes the property of the agency, its income, and its operations exempt from taxes and assessments imposed by state or local taxing authorities. Property held on behalf of the agency by agents for the Texas Housing Agency would be property of the agency within the meaning of the statute.
Next, you ask:
 Assuming THA and Trustees acting on behalf of [the agency] may refuse to pay such taxes, may they refuse to pay the taxes even on properties held by the original buyer on January 1st of the given year and/or for some portion of the year in which foreclosure occurred?
Section 32.07 of the Tax Code provides that property taxes are the personal obligation of the person who owns or acquires the property on January 1st of the year for which the tax is imposed. But see Tax Code §§ 25.13, 32.07(b). A lien to secure payment of the taxes attaches to the property on January 1st of the year for which the tax is imposed. Tex. Const. art. VIII, § 15; Tax Code §32.01. The lien is not extinguished by the subsequent acquisition of the property by a governmental body in whose hands it is exempt from taxes, but enforcement of the lien is suspended. Childress County v. State, 92 S.W.2d 1011 (Tex. 1936); Maverick County Water Control Improvement Dist. No. 1 v. State,456 S.W.2d 204 (Tex.Civ.App.-San Antonio 1970, writ ref'd); State v. Bexar-Medina-Atascosa Counties Water Improvement Dist.,310 S.W.2d 641 (Tex.Civ.App.-San Antonio 1958, writ ref'd); Attorney General Opinion JM-1085 (1989). If the property is acquired by someone in whose hands it is not exempt, the lien can then be enforced. Childress County v. State, supra.
You also ask whether the agency could use various funds to pay taxes; since the agency is not liable for taxes on property it owns, we need not reach those questions.
 SUMMARY
The Texas Housing Agency may hold title to foreclosed properties in its own name or in the name of an agent acting on its behalf. Such property is exempt from state and local taxes. The agency is not liable for taxes that accrued against property before the agency acquired ownership of it, but the property remains subject to a lien for the unpaid taxes.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General
[1] Your specific question is whether various documents require that the Texas Housing Agency take and hold title to foreclosed property in its own name. We do not interpret such documents in the opinion process.