MONTGOMERY COUNTY, Texas and Montgomery Independent School District, Appellants,

v.

VETERANS LAND BOARD OF TEXAS, Appellee.

No. 09–10–00588–CV.

Court of Appeals of Texas, Beaumont.

Submitted March 25, 2011.

Decided May 12, 2011.

220

M. Kaye Brouse, Conroe, for appellants.

Greg Abbott, Atty. Gen., Joseph D. Hughes, Asst. Solicitor Gen., Laura E. Miles–Valdez, Asst. Atty. Gen., Austin, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Montgomery County, Texas and Montgomery Independent School District, the appellants, filed suit against the Veterans Land Board of Texas (VLB), seeking to recover delinquent property taxes and foreclose a tax lien. The trial court dismissed the suit based on the VLB's plea to the jurisdiction. The VLB argues the trial court properly dismissed the appellants' suit because it is immune from suit under the doctrine of sovereign immunity. We conclude the trial court properly dismissed the appellants' claims, and we affirm the order.

## Background

In 1992 the VLB purchased a ten acre tract located in Montgomery County. La-ter that year, James Shaw purchased the property from the VLB through a "Contract of Sale and Purchase." In 1996, Shaw, with the VLB's consent, assigned the contract to John Henry Bly. By contract, Bly is obligated to pay the taxes on the property and to provide the VLB with evidence that the taxes have been paid. The contract also obligates the VLB to execute a deed in Bly's favor after he has fully paid for the property.

In 2010 the appellants sued Bly and the VLB to collect the 2007 through 2009 delinquent taxes and to foreclose a tax lien on the property.[1] In their suit to foreclose the tax lien, the appellants also asked the trial court to order the property sold "free and clear of any right, title, or interest owned or held by any named Defendant[.]" In response to the suit, the VLB filed a plea to the jurisdiction asserting that it was immune from the appellants' suit under the doctrine of governmental or sovereign immunity. Later that same year, the trial court granted the VLB's plea to the jurisdiction, dismissed the appellants' suit, and denied "any relief seeking to foreclose on the property owned by the [VLB], including any requests for an order of sale[.]" The trial court made findings of fact and conclusions of law.[2] This appeal followed.

## Standard of Review

 It is settled that courts do not possess subject-matter jurisdiction over a

---

1. The appellants also sued Bank of America, National Association (*in rem* only) as an additional lien holder. The appellants brief states that Bank of America holds a recorded abstract of judgment against Bly. Nevertheless, Bank of America's status is not relevant to determining whether the VLB is immune from the appellants' suit.

2. The trial court entered findings on two separate dates in January 2011. To the extent the trial court's findings or conclusions conflict, the trial court's latter findings and conclusions are treated as the trial court's controlling findings. *See Jefferson Cnty. Drainage Dist. No. 6 v. Lower Neches Valley Auth.*, 876 S.W.2d 940, 960 (Tex.App.-Beaumont 1994, writ denied).

claim against a governmental defendant that is immune from suit. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). The threshold issue in this appeal is whether the trial court erred in granting the VLB's plea to the jurisdiction. A plea to the jurisdiction challenges the court's subject-matter jurisdiction over the claims that have been asserted in the lawsuit, and the trial court's ruling on the plea is reviewed *de novo. See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000).

Whether a petition contains allegations of fact sufficient to show that the trial court has subject-matter jurisdiction over the controversy is a question of law that is reviewed *de novo. Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). In conducting a *de novo* review, courts "may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). When the governmental entity's plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, the appeals court determines whether the plaintiff's pleadings allege "facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226.

To determine the sufficiency of the plaintiff's pleadings, courts construe the pleadings in the plaintiff's favor and look to the plaintiff's intent. *Brown*, 80 S.W.3d at 555. Where the plaintiff's pleadings affirmatively negate the existence of jurisdiction, "then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227. Stated another way, when a court determines that the plaintiff's pleadings are deficient and that the deficiency can be cured, the plaintiff "deserves 'a reasonable opportunity to amend' unless the pleadings affirmatively negate the existence of jurisdiction." *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex.2007) (quoting *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex.2004)); *Miranda*, 133 S.W.3d at 226–27; *Brown*, 80 S.W.3d at 555. Additionally, "[i]n a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003).

## Analysis

The VLB, by statutory definition, "is a state agency designated to perform the governmental functions authorized in Article III, Section 49–b of the Texas Constitution." Tex. Nat. Res.Code Ann. § 161.011 (West 2011). Generally, the doctrine of sovereign immunity protects state agencies, such as the VLB, from suit and liability. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Immunity from suit, unlike immunity from liability, deprives a trial court of subject-matter jurisdiction unless the government has consented to being sued. *Miranda*, 133 S.W.3d at 224; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Trial courts may exercise jurisdiction over lawsuits against governmental entities where the governmental entity has consented to the suit. *Jones*, 8 S.W.3d at 638. In a suit against a governmental entity, the plaintiff bears the burden to establish that the government consented to being sued, "which may be alleged either by reference to a statute or to express legislative permission." *Id.*

The VLB, established in 1946 by the Texas Constitution, was created to reward veterans by using designated money to buy lands in Texas for resale to eligible veterans. Tex. Const. art. III, § 49–b. When Bly purchased the property, the VLB was authorized to sell land through a "contract of sale and purchase," under terms determined by the VLB. *See* Tex. Nat. Res.Code Ann. §§ 161.221, 161.223 (West 2011).[3] When the transaction is based on a contract for sale, the VLB retains legal title to the property and the purchaser owns equitable title during the contract's term. *See Bellah v. First Nat'l Bank of Hereford,* 478 S.W.2d 636, 638 (Tex.Civ.App.-Amarillo), *writ ref'd n.r.e.,* 484 S.W.2d 558 (Tex.1972) (per curiam) ("Although the legal title to the land is vested in the State, the purchaser, upon execution of the contract of sale and purchase and entry into possession, becomes vested with equitable title."); Tex. Att'y Gen. Op. No. JM–1085, at 2 (1989) (stating that "[t]he contract delivers equitable title and possession to the veteran[,]" whereas "the [S]tate, through the [VLB], retains legal title until the full purchase price, interest, and fees have been paid"); *see also* Tex. Nat. Res.Code Ann. § 161.226 (West 2011) (indicating that the veteran's property can be "transferred, sold, or conveyed at any time after the entire indebtedness due to the [VLB] has been paid").

Although the VLB retains legal title to a property that it has sold by entering into a contract for sale, the Texas Constitution subjects the individual purchasing the property to an obligation to pay taxes. *See* Tex. Const. art. III, § 49–b(h).[4] Even though Bly defaulted on his obligation to pay the taxes on the property he purchased, the record does not reflect that the VLB ever declared that Bly had forfeited his rights under the contract for sale.[5] Thus, Bly remains responsible for paying any taxes that became due on the property for the period between 2007 and 2009.

In issue one, the appellants contend that the doctrine of sovereign immunity does not preclude an *in rem* claim against the property. While the appellants acknowledge that the VLB is not "personally liable" for the delinquent taxes that accrued on Bly's property, they contend that the VLB is subject to a suit *in rem* because a tax lien attached to the property. The appellants specifically assert that "[s]overeign immunity does not apply in this matter as sovereign immunity is a defense for causes of action based on tortious conduct

3. Although not applicable to Bly's date of purchase, amendments to the Texas Natural Resource Code now allow the VLB to use a note and deed of trust as another method to facilitate a veteran's purchase of land through the VLB. *See* Tex. Nat. Res.Code Ann. §§ 161.501–.515 (West 2011).

4. "Lands purchased and comprising a part of the Veterans' Land Fund are declared to be held for a governmental purpose, but the individual purchasers of those lands shall be subject to taxation to the same extent and in the same manner as are purchasers of lands dedicated to the Permanent Free Public School Fund." Tex. Const. art. III, § 49–b(h).

5. Upon the VLB's declaring a contract forfeited, "the full title to the land" reverts to the VLB, and the VLB is not subject to taxation prior to the land's resale by the VLB. Tex. Nat. Res.Code Ann. § 161.316 (West 2011); *Maverick Cnty. Water Control & Improvement Dist. No. 1 v. State,* 456 S.W.2d 204, 206 (Tex.Civ.App.-San Antonio 1970, writ ref'd) (stating that "[a]fter the forfeiture of the veteran's rights under the contract of sale, the entire interest in the land [is] owned by the State of Texas[,]" and as such is "exempt from taxation"); *see also* Tex. Tax Code Ann. § 11.11(a) (West Supp.2010) ("Except as provided by Subsections (b) and (c) of this section, [which are not applicable here,] property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes.").

when money damages are sought against the state." The appellants state that they do not seek any monetary recovery; instead, the appellants contend they are attempting to recover an *in rem* judgment against the VLB so the property can be sold to satisfy their tax lien.

In the trial court, the appellants indicated they sought the right to sell the land and to convey full title to the property. While the appellants are not seeking to recover a money judgment against the VLB, their suit seeks to force the State to convey its interest in the property. The Texas Supreme Court has expressly stated: "When in this state the sovereign is made a party defendant to a suit for land, without legislative consent, its plea to the jurisdiction of the court based on sovereign immunity should be sustained[.]" *State v. Lain*, 162 Tex. 549, 349 S.W.2d 579, 582 (1961). Because the appellants' suit, if successful, would result in the VLB's losing its legal title to the property, the appellants' suit is properly characterized as a suit for land. Accordingly, because the appellants' suit seeks to force the sale of the State's interest in the property, we hold the trial court properly applied the doctrine of sovereign immunity when it granted the VLB's request to dismiss the appellants' claims.

■ As sovereign immunity applies to the claims advanced by the appellants, the appellants are required to affirmatively demonstrate that the Legislature waived the VLB's immunity from suit to show the trial court erred in declining to exercise jurisdiction over the appellants' claims. *Whitley*, 104 S.W.3d at 542, *Jones*, 8 S.W.3d at 638. While the appellants' pleadings reference section 11.01(a) of the Texas Tax Code, this section merely provides that all property is taxable unless exempt by law. *See* Tex. Tax Code Ann. § 11.01(a) (West 2008); *see also* Tex. Tax Code Ann. § 11.11(a) (West Supp.2010) (setting forth that property owned by the State and used for public purposes is exempt from taxation). In this case, the property was not exempted from taxation. *See* Tex. Const. art. III, § 49–b(h) (acknowledging that the veteran purchaser is subject to paying tax on property). Nevertheless, the provisions of the Tax Code cited in the appellants' pleadings cannot be construed as a legislative waiver of the State's immunity from a suit for land. Because the appellants did not meet their burden to affirmatively demonstrate that a waiver of immunity existed to their claims, and their pleadings affirmatively negate the existence of jurisdiction, the trial court did not err in granting the VLB's plea to the jurisdiction. *Miranda*, 133 S.W.3d at 224, 227; *Jones*, 8 S.W.3d at 638. We overrule the appellants' first issue.

■ In issue two, the appellants argue that Bly is the owner of the property in dispute. In issue three, the appellants assert they are entitled to foreclose on their tax lien. In its brief, the VLB acknowledges that Bly's interest in the property is subject to foreclosure, but contends the court was without jurisdiction to entertain a suit that sought to transfer the VLB's legal title in the property. The VLB concludes that because the appellants failed to identify a waiver of immunity, the appellants' suit is barred by the doctrine of sovereign immunity.

Under the Texas Tax Code, the enforcement of a tax lien and subsequent sale extends to the interest held by the party subject to foreclosure. *See* Tex. Tax Code Ann. § 34.01(n) (West 2008) ("The deed vests good and perfect title in the purchaser ... to the interest owned by the defendant in the property subject to the foreclosure, including the defendant's right to the use and possession of the property[.]"); *see also* Tex. Tax Code Ann. § 34.01(k)

(West 2008) (stating that the title taken by the taxing unit includes "all the interest owned by the defendant"). Property taxes are the personal obligation of the person who owns the property, which obligation does not end even if the person ceases to own the property. Tex. Tax Code Ann. § 32.07(a) (West 2008). "On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes[.]" Tex. Tax Code Ann. § 32.01 (West 2008). The Tax Code makes a purchaser of property under an installment contract the owner of the property for tax purposes. *See* Tex. Tax Code Ann. § 32.07(h) (West 2008). Nevertheless, subsection (h) does not grant the purchaser of property under a contract for sale legal title in the property; therefore, subsection (h) does not subject the VLB's legal title in Bly's property to foreclosure.

 Additionally, the appellants failed to refer the trial court to any provision in the Texas Tax Code that operates to waive the VLB's immunity from a tax foreclosure sale. To operate as a waiver, it is settled that the statute "must contain a clear and unambiguous expression of the Legislature's waiver of immunity." *Taylor*, 106 S.W.3d at 696; *see also* Tex. Gov't Code Ann. § 311.034 (West Supp.2010) (requiring waivers of governmental immunity to be "effected by clear and unambiguous language").

In this case, the record discloses that during the tax years at issue, Bly, as a purchaser under a contract of sale, held equitable title to the property, and that the VLB held legal title to the property. The Texas Tax Code authorizes the appellants to seek foreclosure of Bly's equitable interest in the property. *See Bellah*, 478 S.W.2d at 638 (noting that "the purchaser's contractual interest in land purchased under the Veterans' Land Program is subject to execution and sale for private debts");

Tex. Att'y Gen. Op. No. S–183, at 1, 5 (1955) (concluding that "a veteran's interest in the land he is purchasing through the Veterans' Land Program [is] subject to foreclosure and sale pursuant to judgment for delinquent taxes thereon") (defining a veteran's interest as "the veteran's right under his contract of sale and purchase to possess the land and have a deed executed to him when the entire indebtedness due the State is paid"), *overruled in part by Newman v. Bexar–Medina–Atascosa Cntys. Water Improvement Dist. No. 1*, 310 S.W.2d 641, 643 (Tex.Civ.App.-San Antonio 1958, writ ref'd) (overruling Tex. Att'y Gen. Op. No. S–183 to the extent the Opinion concluded that existing tax liens on property were extinguished upon the VLB's forfeiture of the contract for sale and purchase and its requiring full title to the property). Nevertheless, the VLB's interest in the property is exempt from claims that would result in a forced sale of its interest. Tex. Prop.Code Ann. § 43.002 (West 2000) ("The real property of the state, including the real property held in the name of state agencies and funds, ... are exempt from attachment, execution, and forced sale.").

We conclude that while the tax obligations on the property at issue are enforceable against Bly's equitable interest in the property, the appellants are not authorized to pursue a foreclosure sale that would result in a transfer of the VLB's legal title to the property. *See Collora v. Navarro*, 574 S.W.2d 65, 70 (Tex.1978) (holding that in a partition suit, where the VLB still holds legal title, the trial court, "[a]t most, ... had the power to adjust the equitable interests in the land among the parties to this action").

The appellants rely on *Childress County v. State*, 127 Tex. 343, 92 S.W.2d 1011 (1936), and *Taber v. State*, 38 Tex.Civ.App. 235, 85 S.W. 835 (Fort Worth 1905, writ

ref'd), to support their position that they may seek foreclosure of the VLB's interest in the land. However, neither the Texas Supreme Court in *Childress County* nor the Fort Worth Court of Appeals in *Taber* addressed a claim asserting that sovereign immunity prevented the trial court's exercise of jurisdiction over those lawsuits. We conclude that *Childress County* and *Taber* are not controlling authorities with respect to whether the trial court correctly granted the VLB's plea to the jurisdiction.

We overrule the appellants' second and third issues. Having overruled each of the appellants' issues, we affirm the trial court's order.

AFFIRMED.