**Opinion filed June 23, 2022**



### In The

# Eleventh Court of Appeals

_____

## No. 11-20-00204-CV

_____

**MIDLAND FIREMEN'S RELIEF AND RETIREMENT FUND,**
**Appellant**

**V.**

**MIDLAND CENTRAL APPRAISAL DISTRICT AND THE**
**COUNTY OF MIDLAND, TEXAS,**
**Appellees**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. TX16054**

---

## MEMORANDUM OPINION

This is a restricted appeal from the entry of a default judgment. *See* TEX. R. APP. P. 30. Appellant, Midland Firemen's Relief and Retirement Fund (the Fund), challenges a default judgment rendered by the trial court in favor of Appellees, the Midland Central Appraisal District (MCAD) and the County of Midland, Texas (the County). In two issues, Appellant asserts that two errors are apparent on the face of the record. First, Appellant contends that the Fund is a statutorily created pension

fund that is entitled to immunity from suit. Second, Appellant contends that the Fund is a statutorily created pension fund for municipal firefighters whose assets are statutorily exempt from taxation, levy, and sale. We reverse and remand.

## I. *Procedural Background*

On August 19, 2016, the Fund acquired title to several parcels of real property in Midland County (the Properties).[1] On June 25, 2019, MCAD brought an action against the Fund to recover delinquent property taxes for the Properties for the 2017 and 2018 tax years. In July of 2019, service of this action was made on the Fund through its chairman, Brian McGary, by delivery of the citation at a residential address in Midland, Texas. The Fund was subsequently served with citation through McGary by personal service at the City of Midland Fire Department's Central Station.

On February 3, 2020, the County intervened in MCAD's suit against the Fund and asserted that additional delinquent taxes were owed on the Properties. On February 18, 2020, a trial was held on Appellees' delinquent tax claims against the Fund. The Fund failed to appear. In support of its claims at trial, MCAD offered a copy of the recorded warranty deed for the Properties and a certified tax affidavit. The County offered the Fund's tax statement and a certification of delinquent tax records. Additionally, Dennis Rambo, MCAD's deputy chief appraiser, testified that there was no record of the Fund having filed an exemption application with the appraisal district.

After hearing the evidence presented, the trial court granted judgment for Appellees. In its final judgment, the trial court awarded Appellees $39,740.48 in delinquent taxes for the 2017, 2018, and 2019 tax years, interest, and attorney's fees. Additionally, the trial court ordered that, upon the request of either MCAD or the

---

[1]The Properties consist of the following parcels of real property located in Midland County: (1) Lots 10, 11, and 12, Block 8, West End Addition to the City of Midland and (2) Lot 13, Block 8, Section 3, West End Addition to the City of Midland.

County, an order of sale would be issued for the sale and levy of the Fund's Properties. *See* TEX. TAX. CODE ANN. chs. 33 & 34 (West Supp. 2021).

On September 2, 2020, fifteen days after the deadline had expired for Appellant to file its notice of appeal, Appellant filed (1) a notice of restricted appeal with the trial court and (2) a motion to extend time to file its notice of restricted appeal with this court. *See* TEX. R. APP. P. 26.1(c), 26.3. We granted Appellant's request for the fifteen-day extension, deeming Appellant's notice of restricted appeal to be timely filed as of September 2.

## II. *Standard of Review*

To sustain a restricted appeal, the appellant must establish each of the following:

> (1) its notice of the restricted appeal was filed within six months after the judgment was signed;
>
> (2) it was a party to the underlying lawsuit;
>
> (3) it did not participate in the hearing that resulted in the judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and
>
> (4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014)). The first three requirements for a restricted appeal are jurisdictional. *Id.* at 496–97. The fourth focuses on the merits of the appellant's grounds for appeal. *Id.* at 497 ("An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error on the face of the record to prevail in the restricted appeal."). Here, it is undisputed that Appellant has satisfied the three jurisdictional requirements to pursue a restricted appeal. As such, the parties' arguments only address the fourth restricted-appeal element—whether error is apparent on the face of the record.

## III. *Analysis*

In its first issue, Appellant contends that error is apparent on the face of the record because the Fund is a statutorily created retirement system that is entitled to governmental immunity from suit.

Under the Texas Constitution, "[t]he legislature may enact general laws establishing systems and programs of retirement and related disability and death benefits for public employees and officers." TEX. CONST. art. XVI, § 67(a)(1) ("The assets of a system are held in trust for the benefit of members and may not be diverted."). Pursuant to that authority, the Texas Local Fire Fighters Retirement Act (the Act) established pension plans for local firefighters "in each municipality or other political subdivision to which this Act applies." TEX. REV. CIV. STAT. ANN. art. 6243e, § 4 (West Supp. 2021). Section 3 of the Act provides that, subject to certain exceptions, the Act "applies to each municipality in the state that has a regularly organized fire department not consisting exclusively of volunteers." *Id.* § 3(a).

Appellant submits that the Fund is a state-created retirement system under Article 6243e for the City of Midland's firefighters. *See id.* Appellees do not contest this fact. Rather, Appellees argue that there is nothing apparent on the face of the record that establishes that the Fund is an Article 6243e entity. *See id.*

A court of appeals has the authority to take judicial notice for the first time on appeal, whether on its own motion or by a party's request. *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994); *see* TEX. R. EVID. 201(c)(1)–(2), (d). Therefore, we may judicially notice a fact that is not subject to reasonable dispute. TEX. R. EVID. 201(b). A fact is not subject to reasonable dispute when the fact: (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX. R. EVID.

4

201(b)(1)–(2); *see also Office of Pub. Util. Counsel*, 878 S.W.2d at 600. Moreover, judicial notice is mandatory "if a party requests it and the court is supplied with the necessary information." TEX. R. EVID. 201(c)(2).

Appellant asks that we take judicial notice of the Fund's status as an Article 6243e entity. In support of its request, Appellant supplies a number of reliable sources that establish the Fund's status as a governmental entity. The authenticity and contents of these sources and public facts are capable of accurate and ready determination by resort to official Texas government websites whose accuracy cannot reasonably be questioned. *See* TEX. R. EVID. 201(b)(2). Furthermore, it is generally known within Midland County that the City of Midland has a municipal fire department and that the Midland Firemen's Relief and Retirement Fund is a statutorily created pension system, the purpose of which is to provide retirement and death benefits to the City of Midland's municipal firefighters. *See* TEX. R. EVID. 201(b)(1). Therefore, we judicially notice that the Fund is a state-created governmental entity that is generally entitled to governmental immunity. *See* REV. CIV. STAT. art. 6243e; *see also Thayer v. Houston Mun. Emps. Pension Sys.*, 95 S.W.3d 573, 577 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Courts do not possess subject-matter jurisdiction over a claim that is asserted against a governmental defendant that is immune from suit. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Montgomery Cty. v. Veterans Land Bd. of Tex.*, 342 S.W.3d 219, 221–22 (Tex. App.—Beaumont 2011, no pet.) ("Governmental immunity from suit defeats a [trial] court's subject matter jurisdiction."). "A unit of state government is immune from suit and liability unless the state consents." *Whitley*, 104 S.W.3d at 542 (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). Further, a governmental entity retains its immunity unless the legislature clearly and unambiguously waives it. *Dohlen v. City of San Antonio*, No. 20-0725, 2022 WL 983764, at *4 (Tex. Apr. 1, 2022) (citing *Tooke v.*

5

*City of Mexia*, 197 S.W.3d 325, 330 (Tex. 2006)). Therefore, the Fund is immune from Appellees' suit absent the existence of a statutory waiver of that immunity.

Neither MCAD's original petition nor the County's petition in intervention alleged or pleaded a waiver of the Fund's governmental immunity. A party that sues a governmental entity must (1) establish the entity's consent to suit and (2) affirmatively demonstrate the trial court's jurisdiction over the entity by alleging a valid waiver of immunity. *Whitley*, 104 S.W.3d at 542; *Jones*, 8 S.W.3d at 638. The waiver of immunity may be alleged "either by reference to a statute or to express legislative permission." *Jones*, 8 S.W.3d at 638. Because the Fund is a state-created governmental entity that is generally entitled to governmental immunity, we hold that error is apparent on the face of the record because Appellees failed to allege or plead a constitutional or statutory provision by which the legislature clearly and unambiguously waived the Fund's immunity from suit. Accordingly, we sustain Appellant's first issue on appeal.

Because our holding on Appellant's first issue necessarily disposes of this appeal, we need not address Appellant's second issue. *See* TEX. R. APP. P. 47.1.

## IV. *This Court's Ruling*

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

W. STACY TROTTER
JUSTICE

June 23, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6